IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD LEE TAYLOR**

    **Plaintiff,**

v.                                                         Civil Action No.  5:20cv32
                                                                      (Judge Bailey)

**ALEX EAKLE, Parole Officer, et al.,**

    **Defendants.**

### REPORT AND RECOMMENDATION

The plaintiff, who is currently detained at the Tygart Valley Regional Jail, filed this action *pro se.* In addition, he filed an Application and Affidavit to Proceed Without Prepayment of Fees ("*in forma pauperis*"), Prisoner Trust Account Report with ledger sheets, and a Consent to Collection of Fees.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes").").  Consequently, "the

1

proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va.  June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the Plaintiff's prior civil cases qualify as strikes under this provision. *See, e.g.*, *Taylor v. Davis, et al.*, No. 5:98cv1181 (S.D.W. Va. Aug. 29, 1999) (dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted); *Taylor v. Davis, et al.*, No. 99-7211 (4th Cir. February 14, 2000) (dismissing appeal as frivolous on the reasoning of the district court); and *Taylor v. Rubenstein,* Civil Action No, 5:06cv5 (S.D.W. Va. March 5, 2009) (adopting Magistrate Judge's Report and Recommendation that case be dismissed on initial review pursuant 28 U.S.C. § 1915A).

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury.  *See* 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. *See Johnson v. Warner*, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished).  Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of  a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, the plaintiff alleges that on January 16, 2020, defendant Earle, who is a parole officer, served him with seven alleged parole violations, five of which he alleges are fraudulent or "trumped up." ECF No. 1 at p. 7. In addition, he alleges that defendant Wence, who is also a parole officer, breached an agreement made on January 9, 2020, in which she allegedly agreed that he would receive a 60 day sanction if he voluntarily came in, which he maintains that he did. The plaintiff also alleges that defendant Arnold, Director of Parole Services, violated an agreement on January 10, 2020, to help him if he voluntarily reported to the Grafton City Police Department. Finally, the plaintiff alleges that defendant Greenwood, a preliminary parole revocation hearing officer, did not allow him to call witnesses or present documentation and failed to file probable cause as to each ground or to dismiss the frivolous trumped up charges. For relief, he seeks a preliminary injunction to prevent the fraudulent trumped up charges from going before the parole board as well as compensatory and punitive damages for knowing and intentional violation of his constitutional rights.

Clearly, the plaintiff's complaint fails to allege a plausible claim that he is under imminent danger of serious physical injury. Therefore, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule.

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915 (g) and his pending Motion For Leave to Proceed *in forma pauperis* [ECF No. 2] and Motion for Preliminary Injunction[1] [ECF No. 7] be **DENIED AS MOOT.** The undersigned further recommends

---

[1] In his motion, the plaintiff details the events leading to his preliminary parole revocation hearing and indicates that he will suffer irreparable harm if a preliminary injunction does not

that Plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

The Plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the

---

issue.  The petition is seeking an order "either dismissing alleged violations (1,2,3, 5,6) or (and order) to hold an injunctive/evidentiary hearing to determine this matter based in law and fact. ECF No. 7 at p. 8.

Magistrate Judge association with this case.

DATED: April 2, 2020

                                                        _/s. James P. Mazzone_
                                                    JAMES P. MAZZONE
                                                   UNITED STATES MAGISTRATE JUDGE