IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**DONALD LEE TAYLOR,**

    Plaintiff,

v.                                             **CIVIL ACTION NO. 5:20-CV-32**
                                                        **(BAILEY)**

**ALEX EAKLE,** Parole Officer**, et al.**,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 2, 2020, wherein he recommends the § 1983 Complaint be dismissed without prejudice pursuant to the three-strikes rule.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  The docket reflects service was accepted on April 6, 2020 [Doc. 9].  To date, over a month later, no objections have been filed.  Accordingly, the R&R will be reviewed for clear error.

This Court notes that the plaintiff filed an Amended Complaint [Doc. 10] after the R&R issued.  To avoid dismissal and proceed without prepayment of the filing fee, however, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Vague, speculative, or conclusory allegations are insufficient to invoke this exception.  See **Johnson v. Warner**, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished).  Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." **Martin v. Shelton**, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff has failed to make such showing.  To be sure, this Court has also reviewed the Amended Complaint, which also fails to plausibly allege any immediate danger of serious physical injury.  Accordingly, dismissal without prejudice is necessary.

Plaintiff is hereby advised that if he wishes to pursue the allegations raised in the instant Complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 8]** should be, and is, hereby **ORDERED ADOPTED**

for the reasons more fully stated in the magistrate judge's report.  Accordingly, the plaintiff's Complaint **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes rule.  The plaintiff's Motion for Leave to Proceed IFP **[Doc. 2]** and Motion for Preliminary Injunction **[Doc. 7]** are **DENIED**.  The Clerk is **DIRECTED** to **STRIKE** this case from the active docket of this Court and to enter judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** May 7, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE